**MEI NA WU, Petitioner,**

v.

**Mark FILIP, Acting Attorney General,\* Respondent.**

No. 08–2583–ag.

United States Court of Appeals, Second Circuit.

Jan. 26, 2009.

Feng Li, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, James A. Hunolt, Senior Litigation Counsel, Emily Anne Radford, Assistant Director, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. ROBERT D. SACK and Hon. RICHARD C. WESLEY, Circuit Judges.

Petitioner Mei Na Wu, a native and citizen of the People's Republic of China, seeks review of a May 2, 2008, order of the BIA affirming the September 20, 2006, decision of Immigration Judge ("IJ") Terry Bain denying Wu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Na Wu,* No. A98 255 759 (B.I.A. May 2, 2008), *aff'g* No. A98 255 759 (Immigr. Ct. N.Y. City Sept. 20, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

As an initial matter, we deem Wu's CAT claim waived; she does not raise that claim in her brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

When, as here, the BIA affirms the IJ's decision in some respects but not others, we review the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA.[1] *See Xue Hong Yang v. U.S.*

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Mark Filip is substituted for Michael B. Mukasey as Respondent

1. Because the BIA explicitly adopted the IJ's adverse credibility determination but made no mention of the IJ's alternate nexus finding in its decision, we construe its affirmance as limited only to the IJ's credibility finding. Accordingly, we review only the agency's

*Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). For applications governed by the REAL ID Act, *see* 8 U.S.C. § 1158(b)(1)(B)(iii), an IJ making a credibility determination "may rely on omissions and inconsistencies that do not directly relate to the applicant's claim of persecution as long as the totality of the circumstances establish that [she] is not credible." *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 164 (2d Cir.2008) (per curiam).

We conclude that substantial evidence supports the IJ's 18 determination that Wu was not credible. As the IJ found, while Wu asserted in her asylum application that the village official called her a derogatory name relating to her Christian religion, she failed to mention this in her testimony. When the IJ questioned Wu about the incident, she was initially unresponsive and then explained that she had been nervous. The IJ was not required to credit this explanation. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

The IJ also found that while Wu testified that her friends were arrested when they made a complaint about the village head, she omitted that arrest from her asylum application. When Wu was confronted with this omission, she again stated that she had been nervous. She was, however, unable to explain why she was nervous when she was preparing her application with her attorney. The IJ was not required to credit Wu's explanation. *See id.*

Additionally, the IJ found implausible Wu's claim that her friends had been arrested, while she was not, when she was responsible for making the complaint about the village chief, and when she claimed that the police had come to her home two days later to arrest her. *See Ying Li v. BCIS,* 529 F.3d 79, 82 (2d Cir.2008)(finding that an IJ may rely partly or entirely on implausibilities in an applicant's account to determine that the manner in which her testimony "hangs together with other evidence" is not credible, (*quoting Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 107–07 (2d Cir.2006))). As the IJ found, Wu's explanation was unresponsive, and therefore did not merit consideration. *See Majidi,* 430 F.3d at 80–81.

Finally, the IJ found that Wu's demeanor was suspect. We give particular deference to such assessments of demeanor. *See id.* at 81 n. 1.

Wu's argument that the IJ erred in relying on minor omissions to find that she was not credible is unavailing, as an IJ may consider the totality of the circumstances "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim" when making an adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The omissions and implausibilities identified by the IJ, coupled with her demeanor finding, provide adequate support for her adverse credibility determination. *See id.; Xiu Xia Lin,* 534 F.3d at 164. Accordingly, we find no error in the agency's denial of Wu's application for asylum. Moreover, because the only evidence of a threat to Wu's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claim for withholding of removal, where both claims were based on the same credibility determination. *See Xue Hong Yang,* 426 F.3d at 522.

factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.